UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR JOHNSON,<br><br>        Petitioner,<br><br>    v.<br><br>JENNIFER BARRETTO,<br><br>        Respondent. | Case No. SA CV 16-01836 CBM (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

      Petitioner is a prisoner incarcerated at the California Health Care Facility in Stockton, California. On October 4, 2016, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) in this Court.

      The current Petition is directed to petitioner's 2014 post-conviction proceeding in the California courts to recall his sentence under California's Proposition 36. In his sole ground for relief, petitioner claims that the state of California violated his equal protection rights by refusing to provide counsel for that proceeding in 2013.

      Petitioner has already filed a federal habeas action challenging his Proposition 36 proceeding in this Court, in Case No. CV 15-00277-CBM (AFM). On January 7, 2016, Judgment was entered in that case, denying the habeas petition

and dismissing the action with prejudice.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA") governing successive petitions apply to all habeas petitions filed after the effective date of the AEDPA on April 24, 1996, without regard to when the conviction was sustained or when the first petition was filed. *See Cooper v. Calderon*, 274 F.3d 1270, 1272 (9th Cir. 2001); *United States v. Villa-Gomez*, 208 F.3d 1160, 1163-64 (9th Cir. 2000). Section 106 of the AEDPA, amended as 28 U.S.C. § 2244(b), reads in pertinent part as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Petition now pending constitutes a successive petition challenging the same Proposition 36 proceeding as did petitioner's earlier habeas petition in Case No. CV 15-00277, which was denied and dismissed with prejudice. *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that petitioner now is purporting to again challenge his Proposition 36 proceeding, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider that claim, prior to his filing of the instant Petition in the District Court. Petitioner has not secured authorization from the Ninth Circuit to file a successive petition. His failure to do so deprives the Court of subject matter jurisdiction. *See Cooper*, 274 F.3d at 1274.[1]

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 20, 2016

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not construe the now pending Petition as having been "mistakenly" submitted in the District Court rather than the Court of Appeals. From all indications, petitioner intended to file a successive petition in the District Court. Accordingly, there is not a basis for referral to the Court of Appeals under Ninth Circuit Rule 22-3. If petitioner wishes to file a successive petition in the District Court, he must first obtain authorization from the Court of Appeals via an application filed in the Court of Appeals demonstrating his entitlement to such authorization. *See* Ninth Circuit Rule 22-3; 28 U.S.C. § 2244(b)(3)(A).

Presented by:

_____
Alexander F. MacKinnon
United States Magistrate Judge